Reinhard, J.
In view of the conclusion at which we have arrived in this case, it will not be necessary to pass upon the appellee’s motion to dismiss this appeal.
The action is in the nature of a claim filed against the *227 estate of the appellee’s decedent on behalf of the State, by the prosecuting attorney of the 14th judicial circuit. The claim is founded upon a judgment rendered against the appellee’s decedent in his lifetime as surety on the recognizance bond of one Peter Stalcup. The bond was given in the Orange Circuit Court, where a forfeiture was declared upon the principal’s failure to appear, and, on the 23d day of June, 1874, judgment was entered, in the Greene Circuit Court, on the forfeited recognizance against the principal and sureties.
It appears that payments were made at different times upon the judgment, and upon the discovery of the relator that a balance still remained due upon the judgment, he immediately filed the claim against the estate of appellee’s decedent.
In the court below, the appellee filed an answer in six paragraphs, the first of which was the general denial; the second a plea of the fifteen years’ statute of limitations; the third set up the twenty years’ statute; the fourth the six years’ statute; the fifth was an answer of payment, and the sixth a special plea in bar, setting forth at length the facts upon which the appellee relied in defense of the action.
Demurrers were addressed separately to each of the affirmative answers, and overruled. Proper exceptions were reserved to these rulings, and the cause having been put at issue by the reply, was submitted to the court for trial, and, upon request, there was a special finding of facts and conclusions of law.
The specification of errors calls in question the rulings of the court upon the demurrers, and the correctness of the conclusions drawn from the findings. The alleged errors are discussed separately by counsel in their briefs, but as the merits of the controversy can be fully determined by a review of the special findings and legal *228 conclusions, it will not be necessary to pass specially upon the court’s rulings relating to the pleadings.
The substance of the special finding is that on the 22d day of June, 1874, the State of Indiana, on the relation of J. Wesley Tucker, prosecuting attorney of the 10th judicial circuit, then composed of the counties of Orange, Lawrence and Monroe, in said State of Indiana, recovered a judgment, in the Greene Circuit Court, upon a forfeited recognizance bond, in the sum of $500, against Peter Stalcup as principal and Elias Edwards, Franklin Stalcup and George D. Myers as sureties; that after-wards, on the 16th day of May, 1877, there was paid to Daniel M. Bynum, sheriff of Greene county, Indiana, upon execution then in his hands upon said judgment, the sum of $74.30, upon the principal and interest of said judgment, and that all the costs then accrued were then paid, in addition to said $74.30, the said costs being paid by Franklin Stalcup; that afterwards said Franklin Stalcup died, and on the 1st day of February, 1884, the administrator of his estate paid upon said judgment the further sum of $381.75 to the clerk of the Greene Circuit Court, who receipted for the same on the judgment record; that said bond, upon which the judgment was rendered, was taken in the Orange Circuit Court for the appearance of said Peter Stalcup in said court, to answer the charge of seduction, upon which he had been indicted; that said Peter Stalcup, having failed to appear to said indictment, the recognizance bond was forfeited; that on the 30th day of May, 1884, one Joseph Henley was the prosecuting attorney of said tenth judicial circuit, and as such appeared at the office of said clerk of the Greene Circuit Court and demanded of the said clerk the payment of said $381.75 paid upon said judgment; that said clerk thereupon paid said Henley the sum of $356.45, and took said Henley’s receipt for *229 the same upon the record of said judgment; that the said clerk applied the residue of said $381.75, to wit, the sum of $25.30 upon and in satisfaction of all costs on said judgment then remaining unpaid; that in June, 1888, said Elias Edwards died ■ at said county of Greene, intestate, leaving as his only heirs at law a widow and his children and an estate to be administered upon; that on the 19th day of May, 1888, James S. Edwards was, by the Greene Circuit Court, duly appointed as administrator of said Elias Edwards’ estate, and executed his bond with sureties, to the approval of said>court, in the sum of $10,200; that on the 23d day of May, 1888, the said James S. Edwards, having first duly qualified, entered upon the discharge of his duties as such administrator and gave notice thereof by publication, which was completed on the 15th day of June, 1888; that said administrator fully converted all the assets of said estate into money and paid all debts of said estate, except the balance of said judgment, and that after the payment of said debts and ¿11 costs of settlement he made a distribution to the heirs of the decedent, and fully and finally settled said estate; that on the 21st day of March, 1893, said administrator made out and filed in the Greene Circuit Court his final settlement report as such administrator, accounting for and paying out all the assets which had come into his hands; that at the time of filing said report the same was, by the clerk of the said court, set for hearing upon the back thereof for the first day of the April term, 1893, of said court; that on the 21st day of March, 1893, said administrator gave notice of the said final settlement report and that the same had been set for hearing on the first day of the April term, 1893, and directing therein that the creditors, heirs and legatees of said Elias Edwards, deceased, appear in the Greene Circuit Court and show *230 cause, if any, why said final settlement report should not be approved; that said notice of the filing of said final settlement report and the time and place of hearing thereof was duly given by publication for three weeks successively in the Bloomfield Democrat, a weekly newspaper of general circulation, printed and published in Greene county, Indiana, and by posting up a written notice at the court house door in the town of Bloomfield, in Greene county, Indiana, which notice was fully completed on the 1st day of April, 1893; that on the 15th day of March, 1893, William L. Slinkard, prosecuting attorney in and for the fourteenth judicial circuit of said State, composed of the counties of Greene and Sullivan, made out and filed a claim against said estate upon said judgment on said recognizance bond in the sum of $1,500, and caused the same to be docketed upon the appearance docket of said court as a claim pending against said estate; that said claim was not allowed nor paid by said administrator of said estate; that the said Slinkard, prosecuting attorney, as aforesaid, had no actual knowledge of the existence of said judgment until the day he made out and filed said claim, as aforesaid.
Upon these facts the court made the following conclusion of law:
“1. That claim of plaintiff herein is barred and that plaintiff is not entitled to recover in this action.”
It will be observed from the special finding, that the judgment was recovered on the 22d day of June, 1874; that appellee was appointed administrator in May, 1888; that the claim was filed on the 15th day of March, 1893; that the final settlement report was filed on the 21st day of March, 1893, and set for hearing on the first day of the April term, 1893, of the court. It will thus be seen that a period of nearly nineteen years had elapsed from the rendition of the judgment until the commence *231 ment of this action; that the claim was not filed until nearly five years after the appointment of the administrator, and only six days before the filing of the final settlement report.
We pass over the question as to whether or not the claim was barred by any of the statutes of limitations as pleaded in the answers of the appellee. It is provided by statute that if a claim be filed after the expiration of one year from the giving of notice by the administrator of his appointment, it shall be prosecuted solely at the expense of the claimant, and if not filed at least thirty days before final settlement of the estate it shall be barred, except as otherwise provided in case of liabilities of heirs, devisees and legatees. R. S. 1894, section 2465.
It has been repeatedly held under this statute, that if the claim be not filed at least thirty days before the filing of the final report, it is barred, and the fact that it was on file before the final report was approved will not save it. Schrichte v. Stite’s Estate, 127 Ind. 472; Roberts v. Spencer, Exr., 112 Ind. 81; Roberts v. Spencer, Exr., 112 Ind. 85.
If this were an ordinary claim, therefore, filed and prosecuted on behalf of a natural person, or of a corporation, there is no question that no recovery could be had upon it. Does the fact that the State is the claimant change the rule?
Section 305, R. S. 1894, enacts that “limitations of actions shall not bar the State of Indiana except as to sureties.” Granting without deciding that the appellee’s decedent does not occupy the position of a surety in the judgment, the question arises, does the section of the statute just quoted apply to the limitation provided in section 2465, supra? We are 'of opinion that it does not. We think it has reference to the ordinary statutes of limitation contained in the sections preceding section 305, supra, in the chapter of the code relating to civil *232 procedure. It is our opinion that the State is as effectively barred from prosecuting a claim against a decedent’s estate which was not filed at least thirty days before the filing of the final-settlement report as any other claimant would be barred. If the State may never be barred from filing and prosecuting a claim against estates of deceased persons, then it may prosecute such claims even after the final report is made and approved and the administrator or executor is discharged, and it is not and will not be contended that this may be done.
Filed Nov. 2, 1894.
Section 305, supra, is applicable to all claimants. Of course if the claim is otherwise barred by the limitation prescribed in the civil code, it will be barred without reference to the provision contained in section 2465, supra, except where the State is the claimant and the decedent did not occupy the position of a surety.
The learned prosecuting attorney contends that an exception should be made for the reason that in the present case the claim was not discovered until the very day of its filing. If this were a sufficient excuse, we can not concede its existence in point of fact. Presumably there were other officers of the State whose duty it was to look after the collection of the judgment before the relator’s accession into office. If these, or any of them, had exercised the same diligence as the relator, we see no-reason why the claim might not have been filed and collected long before the final report was filed. Their laches may constitute sufficient ground for rendering them liable on their official bonds, perhaps, but it furnishes no exception to the statutory rule that such claims must be filed at least thirty days prior to the filing of the final report.
We think the court reached the proper conclusion from the facts found, and that there is no reversible error in the record.
Judgment affirmed.